IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TIMOTHY J. LAURICELLA, on behalf     )
of himself and all others similarly )
situated in Arizona,                 )
                                     )
                    Plaintiff,       )
      vs.                            )
                                     )
AU OPTRONICS CORPORATION, AU         )
OPTRONICS CORPORATION AMERICA, CHI   )
MEI OPTOELECTRONICS CO., LTD., CHI   )
MEI OPTOELECTRONICS USA, INC.,       )
CHUNGHWA PICTURE TUBES, LTD.,        )
FUJITSU LIMITED, INC., FUJITSU       )
AMERICA, INC., HANNSTAR DISPLAY      )
CORPORATION, HITACHI, LTD.,          )    No. 2:07-cv-0549-HRH
HITACHI DISPLAYS, LTD., HITACHI      )
AMERICA, LTD., INTERNATIONAL         )
DISPLAY TECHNOLOGY CO., LTD.,        )
INTERNATIONAL DISPLAY TECHNOLOGY     )
USA, INC., IPS ALPHA TECHNOLOGY,     )
LTD., LG PHILIPS LCD CO., LTD,       )
LG PHILIPS LCD AMERICA, INC.,        )
MATSUSHITA ELECTRIC INDUSTRIAL CO.,  )
LTD., PANASONIC CORPORATION OF       )
NORTH AMERICA, MITSUBISHI ELECTRIC   )
CORPORATION, MITSUBISHI ELECTRIC &   )
ELECTRONICS USA, INC., NEC           )
ELECTRONICS CORPORATION, NEC         )
ELECTRONICS AMERICA, INC., NEC LCD   )
TECHNOLOGIES, LTD., SAMSUNG          )
ELECTRONICS COMPANY, LTD., SAMSUNG   )
ELECTRONICS AMERICA, INC., SANYO     )    CASE MANAGEMENT
ELECTRIC CO., LTD., SANYO NORTH      )     ORDER NO. 1
AMERICA CORP., EPSON IMAGING         )
DEVICES CORPORATION, SEIKO EPSON     )
CORPORATION, EPSON AMERICA, INC.,    )
EPSON ELECTRONICS AMERICA, INC.,     )
SHARP CORPORATION, SHARP             )
ELECTRONICS CORPORATION, S-LCD       )
CORPORATION, SYNTAX-BRILLIAN CORP.,  )
TOSHIBA CORPORATION, TOSHIBA         )
AMERICA, INC., TOSHIBA MATSUSHITA    )
DISPLAY TECHNOLOGY CO., LTD., and    )
JOHN DOES 1-100,                     )
                                     )
                    Defendants.      )
_____)

- 1 -

### Early Case Management

This order is entered for purposes of providing some preliminary organization in the management of this case from its filing until all of the defendants have been served and have either appeared or answered plaintiff's complaint.

### Track Designation

The nature of this case (a proposed class action) and the number of defendants (38, discounting "John Doe" defendants) suggest that this case should be assigned to the complex track pursuant to Local Rule 16.2(b)(4). This preliminary designation shall stand unless and until otherwise ordered by the court.

### Preliminary Motion Practice

Until a further case management order is entered making specific provision for preliminary motion practice, all motion practice in this case is stayed.

Should a party believe that good cause exists for lifting the stay on motion practice for a particular matter, that party may serve and file a "motion for relief from stay on motion practice." The court will consider such applications on an expedited, ex parte basis. Such motion shall be accompanied by a brief explanation of the emergency situation that requires the immediate attention of the court. The party shall also simultaneously serve and file the motion that it desires to present to the court; however, no party shall respond to such latter motion unless and until the motion for relief from stay has been granted. The court will fix a specific response time if the motion for relief is granted.

- 2 -

The stay on motion practice does not apply to the following:

(1)  stipulations for orders as to which there is no disagreement;

(2)  motions for entry of default and for default judgment;

(3)  plaintiff's motions having to do with the service of summonses and plaintiff's complaint; or

(4)  applications to appear <u>pro hac vice</u>.

Once all or substantially all of the defendants have appeared or answered, the court will call upon counsel for the parties to confer for purposes of proposing to the court a calendar for the development and resolution of preliminary motions on subjects such as:

(1)  class certification;

(2)  jurisdiction;

(3)  venue; and

(4)  preservation of records and data.

<u>Disclosure / Discovery</u>

All discovery and disclosure obligations in this case are stayed and/or suspended pending the entry of a case development, scheduling and planning order following a Rule 26(f) conference of the parties, which will be ordered by the court in due course. Once preliminary motion practice has been decided, and pursuant to Rule 16(b), Federal Rules of Civil Procedure, the court will call upon the parties to meet and confer for purposes of advising the court with respect to (a) a discovery plan, and (b) any and all

- 3 -

other matters of planning and organization that the parties desire to have made a part of a scheduling and planning order which will take the case through the completion of discovery.

The court anticipates that this case will involve extensive, complex discovery.  It strikes the court as likely that much of the discovery in this case will involve the retrieval of electronically stored data.[1]  It is the court's view that counsel for the parties have a paramount role in effecting the preservation of their respective clients' electronically stored data.  Once counsel are retained for purposes of this litigation, the court expects counsel to promptly consult with their respective clients about steps that should be taken to ensure that electronically stored data is preserved — that data is not lost by deletion, overwriting, or recycling.  In order to do this, it is the court's perception that counsel will need to confer with their respective clients' automation administrators and technology support staff for purposes of informing themselves fully and completely with respect to their clients' records and data retention and storage procedures.  This early intervention by counsel with their respective clients is necessary because the court expects to take up, as a preliminary motion matter, the subject of preservation of records and data by all parties.

---

[1] Counsel's attention is directed to the article "Navigating New E-Discovery Rules" by Weiner and Brown, published in <u>Litigation</u>, the journal of the section of litigation of the American Bar Association (vol. 33, No. 2, Winter 2007).

<u>Notice to Defendants</u>

At the earliest opportunity, counsel for plaintiff shall notify counsel for each appearing or answering defendant of the existence of this order.

DATED at Anchorage, Alaska, this <u>22nd</u> day of March, 2007.

<u>/s/ H. Russel Holland</u>
United States District Judge